Pearson, J*
 

 The wisdom of the common law is illustrated
 
 *63
 
 in the rule, that for an ordinary assault and battery, a boy under the age of fourteen, is not liable to indictment; for in the nature of things, “fist-fights,” in which there will be some scratching and pulling of hair, will occasionally occur between school-boys and others, and it is better to leave such matters to the correction which the parent or school-master may, in their discretion inflict, than give importance to it, by bringing “Young America” into court like a man, with all the pomp and circumstance of a trial by the court and jury; which is to result in a fine, to be paid out of the pocket of “papa”!!'
 

 But if the battery be of an aggravated kind, as in the case of maim, or the use of a deadly weapon, or if from numbers it amounts to a riot, or, especially, if it be not the result of a mere pugnacious propensity, b,ut is prompted by a more brutal passion, such as unbridled lust, as in the case before us, the arm of public justice will interfere to vindicate the majesty of the law, and if the party be
 
 doli ocipam,
 
 he is subject to indictment, and to be punished publicly, although under the age of fourteen years; for, in such cases, malice and wickedness supply the want of age; and, although in a case like the 1 present, the offender cannot be punished capitally, because
 
 t
 
 the law, in tenderness to human life presumes an inability to ¡ consummate the particular crime, yet, when the intent is\ manifest, he should be made an example of by the utmost punishment which the law allows; so that all others may know and fear the law. 41
 

 If our conclusion required authoritggfcsupport it, it is fur-^P nished by a case of precisely the sam^Bmd, where a boy un-1 der fourteen, although it was held he could not be convicted] of rape or an assault with an intent to commit a rape, was convicted of an assault and battery ;
 
 King
 
 v. Elderslaw, 14 E. C. L. Rep. 367.
 

 Per Curiam,
 

 Judgment affirmed.